IN THE DISTRICT/SUPERIOR COURT FOR THE STATE OF ALASKA
AT ANCHORAGE

JORDAN BOSTON and
DONNA BOSTON,

                Plaintiff(s),

vs.

SHAWN NORMAN et. al,

                Defendant(s).

CASE NO. 3AN-21 - 7437 C I

**SUMMONS AND
NOTICE TO BOTH PARTIES
OF JUDICIAL ASSIGNMENT**

To Defendant: The Alaska State Troopers

You are hereby summoned and required to file with the court a written answer to the complaint which accompanies this summons. Your answer must be filed with the court at 825 W. 4th Ave., Anchorage, Alaska 99501 within 20 days* after the day you receive this summons. In addition, a copy of your answer must be sent to the plaintiff's attorney or plaintiff (if unrepresented) Jon. E. Wiederholt _____, whose address is: 1016 W 6th Avenue, Suite 102, Anchorage AK 99501; jackw@aowaklaw.com _____.

If you fail to file your answer within the required time, a default judgment may be entered against you for the relief demanded in the complaint.

If you are not represented by an attorney, you must inform the court and all other parties in this case, in writing, of your current mailing address and any future changes to your mailing address and telephone number. You may use court form *Notice of Change of Address / Telephone Number* (TF-955), available at the clerk's office or on the court system's website at https://public.courts.alaska.gov/web/forms/docs/tf-955.pdf to inform the court. - OR - If you have an attorney, the attorney must comply with Alaska R. Civ. P. 5(i).

NOTICE OF JUDICIAL ASSIGNMENT

TO: Plaintiff and Defendant

You are hereby given notice that:

☑ This case has been assigned to Superior Court Judge _____ Garton _____.
and to a magistrate judge.

☐ This case has been assigned to District Court Judge _____.

                                           CLERK OF COURT

8/31/2021
Date

By: _____
                                Deputy Clerk

I certify that on 8/31/21 a copy of this Summons was ☐ mailed ☑ given to
☐ plaintiff ☑ plaintiff's counsel along with a copy of the
☐ Domestic Relations Procedural Order ☐ Civil Pre-Trial Order
to serve on the defendant with the summons.
Deputy Clerk _____ AL ____

* The State or a state officer or agency named as a defendant has 40 days to file its answer. If you have been served with this summons outside the United States, you also have 40 days to file your answer.

CIV-100 ANCH (10/17)(cs)
SUMMONS

Civil Rules 4, 5, 12, 42(c), 55

| Type of Action | For Court Use Only | |
|---|---|---|
| Check the box that best describes the case. Mark **one** box only. For district court cases, use form CIV-125D. | Case Type | Action Code |
| **Domestic Relations** | | |
| Divorce With Children (or Pregnant) | Div or Cust w/Children | CISDVC |
| Divorce Without Children | Divorce Without Children | CISDIV |
| Uncontested Divorce With Children (or Pregnant) | Div or Cust w/Children | CISUDVC |
| Uncontested Divorce Without Children | Divorce Without Children | CISUDIV |
| Custody (Unmarried Parents) | Div or Cust w/Children | CISCUS |
| Uncontested Custody (Unmarried Parents) | Div or Cust w/Children | CISUCUS |
| Visitation by Person Other than Parent | Domestic Relations Other | CIVIS |
| Property Division — Unmarried Partners | Domestic Relations Other | CISPROP |
| Legal Separation With Children (or Pregnant) | Legal Separation | CICLS |
| Legal Separation Without Children | Legal Separation | CISLS |
| Uncontested Legal Separation with Children (or Pregnant) | Legal Separation | CIUCLS |
| Uncontested Legal Separation Without Children | Legal Separation | CIUSLS |
| Annulment | Domestic Relations Other | CIANNUL |
| Paternity - Establishment | Domestic Relations Other | CISPAT |
| Paternity - Disestablishment | Domestic Relations Other | CIDPAT |
| Paternity — Determine Both Biological and Non-Biological Father | Domestic Relations Other | CIDEPAT |
| Genetic Testing - Failure to Comply with Order for Testing | Domestic Relations Other | CIOSCP |
| Administrative Child Support Order — Modification or Enforcement | Domestic Relations Other | CIPCS |
| PFD or Native Dividend Case | Domestic Relations Other | CIPND |
| Foreign Support Order - Registration, Modification or Enforcement under AS 25.25 | Domestic Relations Other | CIUIFSA |
| Foreign Custody Order — Registration, Modification or Enforcement under AS 25.30 | Domestic Relations Other | DR483 |
| <u>Both</u> Foreign Custody & Support Order — Registration, Modification or Enforcement under AS 25.30 and AS 25.25 | Domestic Relations Other | CIFCS |
| Foreign Domestic Relations Order (Not Custody or Support) — Registration, Modification or Enforcement | Domestic Relations Other | CIDRFJ |
| **Landlord/Tenant** | | |
| Eviction (May Include Rent or Damages) | Eviction-Superior Court | CISFED |
| Other Landlord/Tenant (No Eviction) | Civil Superior Court | CISLT |
| **Debt/Contract** | | |
| Debt Collection | Civil Superior Court | CISDEB |
| Claim by Buyer Against Seller of Goods/Services | Civil Superior Court | CISCLAIM |
| Employment — Discrimination | Civil Superior Court | CISEMPD |
| Employment — Other Than Discrimination | Civil Superior Court | CISEMP |
| Other Contract | Civil Superior Court | CISOCT |
| **Real Property Actions** | | |
| Condemnation | Civil Superior Court | CISCNDM |
| Foreclosure | Civil Superior Court | CISFOR |
| Quiet Title | Civil Superior Court | CISQIT |
| Real Property Tax Foreclosure | Superior Court Misc Petition | CISTAX |
| Other Real Estate Matter | Civil Superior Court | CISREM |
| **Foreign Judgment** | | |
| Registration of Foreign Judgment — SEE DOMESTIC RELATIONS FOR FOREIGN **SUPPORT/CUSTODY** ORDERS | Foreign Judgment Superior Ct | CISFOJ |
| **Malpractice** | | |
| Legal Malpractice | Civil Superior Court | CISLMP |
| Medical Malpractice | Civil Superior Court | CISMMP |
| Other Malpractice | Civil Superior Court | CISOMP |

CIV-125S (1/21)(cs)                                               Page 1 of 2
CASE DESCRIPTION FORM — SUPERIOR COURT

| Type of Action | For Court Use Only | |
|---|---|---|
| Check the box that best describes the case. Mark **one** box only. For district court cases, use form CIV-125D. | Case Type | Action Code |
| **Tort** | | |
| Wrongful Death | Civil Superior Court | CISPID |
| Automobile Tort (But Not Wrongful Death) | Civil Superior Court | CISIDA |
| Claim Against Owner of Real Property for Personal Injury | Civil Superior Court | CISPIO |
| Product Liability | Civil Superior Court | CISPL |
| Intentional Tort (e.g., assault, battery, vandalism) | Civil Superior Court | CISIT |
| Slander/Libel/Defamation | Civil Superior Court | CISSLD |
| ☒ Other Tort | Civil Superior Court | CISIDO |
| Approval of Minor Settlement – Civil Petition *May also be filed as probate case.* | Superior Court Misc Petition | CISPET |
| **Other Civil** | | |
| Election Contest or Recount Appeal | Civil Superior Court | CISELE |
| Change of Name - Adult | Change of Name | CICON |
| Change of Name - Minor | Change of Name | CICONM |
| Confession of Judgment | Civil Superior Court | CISCCONF |
| Structured Settlement – AS 09.60.200 | Superior Court Misc Petition | CISSS |
| Administrative Agency Proceeding – Request for Court Assistance | Superior Court Misc Petition | CISWRNT |
| Arbitration - Action Under Uniform Arbitration Act | Civil Superior Court | CISAP |
| Fraud | Civil Superior Court | CISFRAUD |
| Unfair Trade Practice and Consumer Protection | Civil Superior Court Clerk: Issue form CIV-128 | CISUTP |
| Writ of Habeas Corpus | Civil Superior Court | CIWHC |
| Fish & Game - Abatement & Forfeiture of Equipment | Superior Court Misc Petition | CISAF |
| Appointment of Trustee Counsel | Superior Court Misc Petition | CISTC |
| Action Under Alaska Securities Act | Civil Superior Court | CISASA |
| Quarantine and Isolation | Superior Court Misc Petition | CISQI |
| Other Superior Court Complaint | Civil Superior Court | CISOCI |
| Other Superior Court Petition | Superior Court Misc Petition | CISPET |
| **Post-Conviction Relief to Superior Court** | | |
| Post-Conviction Relief | Post-Conviction Relief-Sup Ct | CISPCR |
| **Appeal to Superior Court - From Administrative Agency** | | |
| Election Contest or Recount Appeal – SEE OTHER CIVIL | | |
| DMV Appeal | Appeal from Admin Agency | CIADDMV |
| Employment Security Appeal | Appeal from Admin Agency | CIADRESA |
| Administrative Agency Appeal - Other | Appeal from Admin Agency | CIADR |
| CSSD License Review Action | Petition for Review or Relief | CICSED |
| Petition for Review from Administrative Agency | Petition for Review or Relief | CIPRA |
| Petition for Relief from Administrative Agency – AS 44.62.305 | Petition for Review or Relief | CIPRLF |
| **Appeal to Superior Court - From District Court** | | |
| Civil Appeal | Appeal from District Court | CIACI2 |
| Criminal Appeal | Appeal from District Court | CIACRM |
| Minor Offense Appeal | Appeal from District Court | CIAMO |
| Small Claims Appeal | Appeal from District Court | CIASC |
| Petition for Review from Civil, Criminal, or Minor Offense Case | Petition for Review or Relief | CIPRD2 |
| Petition for Review from Small Claims | Petition for Review or Relief | CIPRSC |

# IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
## THIRD JUDICIAL DISTRICT AT ANCHORAGE

JORDAN BOSTON and )
DONNA BOSTON, )
               Plaintiffs, )
  )
vs. )
  )
SHAWN NORMAN, JASON SOMERVILLE, )   **Case No.:** 3AN-21-     CV
THE ALASKA STATE TROOPERS, JOHN )
DOES 1-10,[1] and CROSSROADS HEALTH, )
MINISTRIES INC., )
  )
              Defendant. )
_____ )

## ENTRY OF APPEARANCE AND CONSENT TO SERVICE BY EMAIL

    **COMES NOW** AGLIETTI, OFFRET & WOOFTER, LLC, and enter their appearance as counsel of record for Plaintiffs Jordan and Donna Boston in the above-entitled case, and request that copies of all pleadings filed in this action be mailed to this office at 1016 West 6th Avenue, Suite 201, Anchorage, Alaska 99501; Phone: 907-279-8657 and pursuant to Civil Rule 5.1(c) indicates its willingness to service by electronic mail at jackw@aowaklaw.com with a courtesy copy to cstreff.aow@gmail.com.

    RESPECTFULLY submitted this 31st day of Anchorage, at Anchorage, Alaska.

                           **AGLIETTI, OFFRET & WOOFTER, LLC**

                           J. E. Wiederholt, ABA # 8312172
                           Counsel for Plaintiffs

Aglietti, Offret
& Woofter, LLC.
1016 W 6th Avenue
Suite 102
Anchorage, Alaska
99501

(907) 279-8657
FAX 279-5534

*Boston v. Norman et. al.*
Entry of Appearance
Page 1 of 2

I certify that on 31 August 2021a true and correct copy
of the foregoing was mailed and faxed to:

Trooper Shawn Norman
PO Box 26
Glennallen, AK 99588
shawn.norman@alaska.gov

Courtesy Copy to:
Heather Hill
Paralegal Specialist
DHHS/OS/OGC/General Law Div.
Claims and Employment Law Branc
heather.hill@hhs.com

Trooper Jason Somerville
PO Box 26
Glennallen, AK 99588
Jason.somerville@alaska.gov

Cross Road Medical Center
c/o Steven Gallagher (Registered Agen)
PO Box 5
Glennallen, AK 99588
info@crossroadmc.org

Courtesy Copy:
Col. Bryan Barlow, Director
5700 E. Tudor Rd.,
Anchorage AK 99507
dps.ast.directors.office@alaska.gov

Treg Taylor
Attorney General
1031 W. 4th Ave, Suite 200
Anchorage AK 99501

Caroline Streff

Aglietti, Offret
& Woofter, LLC.
1016 W 6th Avenue
Suite 102
Anchorage, Alaska
99501

(907) 279-8657
FAX 279-5534

*Boston v. Norman et. al.*
Entry of Appearance
Page 2 of 2

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| JORDAN BOSTON and<br>DONNA BOSTON,<br>              Plaintiffs,<br>vs.<br><br>SHAWN NORMAN, JASON SOMERVILLE,<br>THE ALASKA STATE TROOPERS, JOHN<br>DOES 1-10,[1] and CROSS ROAD HEALTH,<br>MINISTRIES INC.,<br><br>              Defendant. | )<br>)<br>)<br>)<br>)<br>)   **Case No.:** 3AN-21-     **CV**<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiffs Jordan Boston and Donna Boston, through their counsel, AGLIETTI, OFFRET & WOOFTER, LLC, hereby allege and complain against the defendants Shawn Norman, Jason Somerville, Alaska State Troopers, and Cross Road Medical Center as follows:

## INTRODUCTION

1.     This civil rights action seeks compensatory and punitive damages from the Defendants for violating various rights under the United States Constitution and laws of the State of Alaska in connection with the lawless, unprovoked, violent assault, battery, false arrest, incarceration, brutalization, drugging, malicious prosecution, libel, and slander of Plaintiff Jordan Boston in the presence of Plaintiff Donna Boston.

## THE PARTIES

2.     Plaintiff Jordan Boston is a resident of the State of Alaska and is in all respects capable and qualified to commence and maintain these proceedings before and within the courts of the State of Alaska pursuant to and as a result of the facts and circumstances hereinbelow set forth.

Aglietti, Offret
& Woofter, LLC.
1016 W 6th Avenue
Suite 102
Anchorage, Alaska
99501

(907) 279-8657
FAX 279-5534

[1] John Does to be later named.
*Boston v. Norman et. al.*
Complaint
Page 1 of 16

respects capable and qualified to commence and maintain these proceedings before and within the courts of the State of Alaska pursuant to and as a result of the facts and circumstances hereinbelow set forth.

4.    Defendant, Alaska State Troopers ("AST"), at all relevant times, is and was a duly organized State of Alaska public law enforcement agency and entity organized and existing under the laws of the State of Alaska and was the employer of AST officers and defendants Shawn Norman and Jason Somerville, as well as John Does 1-5, who were such defendants' supervisory officers, and John Does 6-10, who were managerial, supervisorial, and policymaking employees of AST.

5.    Defendant Shawn Norman [Norman] is a resident of the State of Alaska, was at all relevant times a duly authorized employee and agent of AST, acting under color of law within the course, scope, and furtherance of his duties as an AST officer, with the complete authority and ratification of his principal, Defendant AST, was trained, supervised, and managed by John Does 1-10, and is in all respects capable and qualified to be a defendant within these proceedings before and within the courts of the State of Alaska pursuant to and as a result of the facts and circumstances set forth herein.

6.    Defendant Jason Somerville [Somerville] is a resident of the State of Alaska, was at all relevant times a duly authorized employee and agent of AST, acting under color of law within the course, scope, and furtherance of his duties as an AST officer, with the complete authority and ratification of his principal, Defendant AST, was trained, supervised, and managed by John Does 1-10, and is in all respects capable and qualified to be a defendant within these proceedings before and within the courts of the State of Alaska pursuant to and as a result of the facts and circumstances set forth herein.

7.    At all relevant times, defendants Somerville, Norman and Does 1-10 were duly appointed officers and/or employees or agents of AST subject to oversight and supervision by AST's elected and non-elected officials.

8.    In doing the acts and/or failing and/or omitting to properly act as hereinafter described, defendants Somerville, Norman and Does 1-10 were acting at the command of and/or upon the implied and actual permission and consent of AST.

Aglietti, Offret
& Woofter, LLC.
1016 W 6th Avenue
Suite 102
Anchorage, Alaska
99501

(907) 279-8657
FAX 279-5534

*Boston v. Norman et. al.*
Complaint
Page 2 of 16

9.    At all relevant times herein, each and every AST defendant was the agent of each and every other AST defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every AST defendant.

10.    The true names of AST defendants DOES 1 through 10, inclusive, are unknown to Plaintiffs, who therefore sue these defendants by such fictitious names. Plaintiffs will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained. Each of the fictitious-named defendants is responsible in some manner for the conduct and liabilities alleged herein.

11.    Defendant Crossroads Health Ministries, Inc. (CRMC) is a registered Alaskan nonprofit limited liability corporation licensed and doing business within the Third Judicial District, State of Alaska, and is in all respects capable and qualified to be a defendant within these proceedings before and within the courts of the State of Alaska pursuant to and as a result of the facts and circumstances set forth herein below.

## JURISDICTION AND VENUE

12.    This Court obtains proper jurisdiction over this matter pursuant to AS 22.10.020.

13.    Venue is proper in this Court because all responsible parties reside in, and all incidents, events, occurrences, and consequences giving rise to this action occurred in the Third Judicial District, State of Alaska at or near Glennallen, Alaska.

14.    This action is brought for the redress of deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, and the Fourth and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

15.    This action is further brought for the redress of personal injuries, and various tortious conduct committed by the defendants and inflicted upon the persons and reputations of the Plaintiffs hereto.

16.    This action is further brought for the redress of unlawful assaults, brutalities, personal injuries, defamations, and consequent indignities and damages occurring to and upon the persons and reputations of the plaintiffs as caused by, and the

Aglietti, Offret
& Woofter, LLC.
1016 W 6th Avenue
Suite 102
Anchorage, Alaska
99501

(907) 279-8657
FAX 279-5534

*Boston v. Norman et. al.*
Complaint
Page 3 of 16

direct and proximate results of actions done, sponsored, endorsed and/or encouraged by the defendants acting either alone or in concert and as proscribed by the laws of the State of Alaska.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

17. All paragraphs above are realleged as if set forth herein in their entirety.

18. On 1 September 2019, Plaintiff Donna Boston had taken plaintiff Jordan Boston to defendant CRMC's Glennallen, Alaska clinic due to concerns for Jordan's emotional state.

19. While in the CRMC clinic, one of its personnel called AST dispatch reporting that Jordan was suffering a psychotic episode and requested AST's precautionary presence.

20. Jordan Boston was at all times free to leave CRMC's facility and elected to do so with neither harm nor threat to others nor theft of nor damage to property.

21. Under color of state law and authority, Defendant Norman arrived at the CRMC clinic to observe that Jordan Boston had exited the CRMC facility and was the only person in its parking lot.

22. Defendant Norman observed no evidence that Jordan Boston had been involved in any form of physical altercation.

23. Defendant Norman had neither reasonable suspicion, knowledge of, nor probable cause to suspect or believe that Jordan Boston had harmed or threatened others.

24. Defendant Norman had neither reasonable suspicion, knowledge of, nor probable cause to suspect or believe that Jordan Boston had stolen or damaged any property.

25. Defendant Norman had neither reasonable suspicion, knowledge of, nor probable cause to suspect or believe that Jordan Boston had committed any actionable offense or crime of any nature whatsoever.

26. Defendant Norman had neither reasonable suspicion, knowledge of, nor probable cause to suspect or believe that Jordan Boston would later commit any actionable offense or crime against any person or property.

Aglietti, Offret
& Woofter, LLC.
1016 W 6th Avenue
Suite 102
Anchorage, Alaska
99501

(907) 279-8657
FAX 279-5534

*Boston v. Norman et. al.*
Complaint
Page 4 of 16

27.     Under color of state law and authority, Defendant Norman, with neither reasonable suspicion, knowledge of, nor probable cause to suspect or believe that Jordan Boston had committed any form of criminal misconduct nor reasonable knowledge that Jordan Boston represented a danger to the community, or himself, or was involved in any such activity, proceeded to confront Jordan in a threatening and confrontational manner for no lawful reason other than Jordan Boston's "blank stare".

28.     Under color of state law and authority, and as Jordan Boston proceeded to leave the clinic parking lot in accord with his constitutionally protected right to do so, defendant Norman chased, caught, and struggled to hold Jordan Boston against his will when Jordan Boston should have been absolutely free to leave without interference.

29.     Under color of state law and authority, and against Jordan's express wishes, constitutionally protected personal freedoms, liberty, and autonomy, Defendant Norman then threw Jordan Boston against a vehicle and then to the ground in a prone posture, cuffing Jordan Boston's hands behind his back.

30.     Under color of state law and authority, and against Jordan's express wishes, constitutionally protected personal freedoms, liberty, and autonomy, Defendant Norman, both individually and/or in concert with defendants Somerville and CRMC employees/personnel for whom CRMC was directly responsible, sat on Jordan's back and ground his face into the gravel parking lot.

31.     Under color of state law and authority, and against Jordan's express wishes, constitutionally protected personal freedoms, liberty, and autonomy, Defendant Norman, both individually and/or in concert with defendants Somerville, CRMC, and CRMC employees/personnel for whom CRMC was directly responsible, unreasonably and maliciously placed Jordan Boston in fear for his life.

32.     Under color of state law and authority, and against Jordan's express wishes, constitutionally protected personal freedoms, liberty, and autonomy, Defendants Norman and Somerville, both individually and in concert with defendants CRMC, and CRMC employees/personnel for whom CRMC was directly responsible, then repeatedly drugged/sedated Jordan while defendant Norman remained on Jordan's back.

Aglietti, Offret
& Woofter, LLC.
1016 W 6th Avenue
Suite 102
Anchorage, Alaska
99501

(907) 279-8657
FAX 279-5534

*Boston v. Norman et. al.*
Complaint
Page 5 of 16

33.     Under color of state law and authority, and against Jordan's express wishes, constitutionally protected personal freedoms, liberty, and autonomy, Defendants Norman and Somerville, both individually and/or in concert with CRMC, and CRMC employees/personnel for whom CRMC was directly responsible, falsely arrested, constrained, confined, sedated, and restrained Jordan Boston.

34.     Under color of state law and authority, and against Jordan's express wishes, constitutionally protected personal freedoms, liberty, and autonomy, Defendants Norman and Somerville, both individually and/or in concert with CRMC, and CRMC employees/personnel for whom CRMC was directly responsible, further restrained Jordan Boston by binding him to a gurney and injecting him with further drugs/sedatives.

35.     Under color of state law and authority, and against Jordan's express wishes, constitutionally protected personal freedoms, liberty, and autonomy, Defendants Norman and Somerville, both individually and/or in concert with CRMC, and CRMC employees/personnel for whom CRMC was directly responsible,  arrested Jordan, bound him to an ambulance gurney, injected him with further drugs/sedatives, and transported him to Wasilla, Alaska where his express wishes, constitutionally protected personal freedoms and autonomy, were further denied.

36.     As a direct and proximate result of the conduct and actions of defendants AST, Norman, Somerville, CRMC, and CRMC employees/personnel for whom CRMC was directly responsible, as above set forth and against Jordan Boston's express wishes, constitutionally protected personal freedoms, liberty, and autonomy, Jordan Boston was unlawfully confined within institutions far from home in Wasilla and Anchorage, Alaska.

37.     Upon his peaceful return home to Glennallen, Alaska home after weeks of forced institutional confinement and against Jordan Boston's express wishes, constitutionally protected personal freedoms, liberty, and autonomy, defendants AST, Norman, Somerville, and/or other unknown AST officers acting under color of state law and authority, with and upon the express and/or implicit direction, authority, and

Aglietti, Offret
& Woofter, LLC.
1016 W 6ᵗʰ Avenue
Suite 102
Anchorage, Alaska
99501

(907) 279-8657
FAX 279-5534

*Boston v. Norman et. al.*
Complaint
Page 6 of 16

instruction of AST and/or John Does 1-10, *again* arrested Jordan Boston; this time taking him into custody and placing him in jail pending payment of bail and compliance with wrongfully imposed conditions of release.

38. Under color of state law and authority, and against Jordan's express wishes, constitutionally protected personal freedoms, liberty, and autonomy, Defendants AST, Somerville, Norman, and DOES 1-10, in concert with the offices of the District Attorney, maliciously proceeded to assist with the prosecution and reckless charging of Jordan Boston with Fourth Degree Assault with attendant fines, penalties and incarceration.

39. Defendants AST Somerville, Norman, and DOES 1-10 in concert with the offices of the District Attorney, knew, or with the exercise of reasonable caution, should have known that the criminal charges lodged against Jordan Boston were legally and constitutionally improper and factually baseless.

40. Under color of state law and authority, and against Jordan's express wishes, constitutionally protected personal freedoms, liberty, and autonomy, Defendants AST Somerville, Norman, and DOES 1-10, in concert with the offices of the District Attorney, maliciously proceeded to assist with the prosecution and reckless charging of Jordan Boston with Second Degree Felony Assault charges against Jordan with attendant fines, penalties, and incarceration.

41. Defendants AST Somerville, Norman, and DOES 1-10 knew, or with the exercise of reasonable professional caution, should have known that the elevated criminal charges lodged against Jordan Boston were legally and constitutionally improper and factually baseless.

42. Under color of state law and authority, and against Jordan Boston's express wishes, constitutionally protected personal freedoms, liberty, and autonomy, Defendants AST, Somerville, Norman, and DOES 1-10, in concert with the offices of the District Attorney, maliciously proceeded to assist with the wrongful criminal charging and prosecution of Jordan Boston further seeking to impose financial responsibility for injuries allegedly suffered by defendant Norman who was himself responsible for and

Aglietti, Offret
& Woofter, LLC.
1016 W 6th Avenue
Suite 102
Anchorage, Alaska
99501

(907) 279-8657
FAX 279-5534

*Boston v. Norman et. al.*
Complaint
Page 7 of 16

the instigator of the matter..

43.     Defendants AST, Somerville, Norman, and DOES 1-10 knew, or with the exercise of reasonable professional caution, should have known that claims imposing financial responsibility for injuries allegedly suffered by defendant Norman upon Jordan Boston were legally and constitutionally improper and factually baseless.

44.     Under color of state law and authority, and against Jordan's express wishes, constitutionally protected personal freedoms and autonomy, and while aware that all criminal charges lodged against Jordan Boston were legally, constitutionally, and factually baseless, defendants AST, Somerville, Norman and DOES 1-10 in concert with the District Attorney, proceeded to bait Jordan with a Rule 11 settlement offer by which such defendants intended to avoid the consequences of violations of Jordan Boston's constitutionally protected civil rights; thereby preying upon Jordan Boston's fears of prosecution.

45.     At all relevant times and under color of state law and authority, defendants AST, Somerville, Norman and DOES 1-10, in concert with the District Attorney, knew, or with the exercise of reasonable care and professional caution should have known, that criminal charges lodged against Jordan Boston were legally, constitutionally, and factually baseless and in violation of Jordan's express wishes, constitutionally protected personal freedoms, liberty, and autonomy.

46.     At all relevant times, defendant CRMC acted as agent of and in direct concert with and/or at the direction of defendants AST, Somerville, Norman and DOES 1-10 by assisting such defendants to unlawfully arrest, subdue, confine and drug Jordan Boston.

47.     Defendant CRMC, acting as agent of and in direct concert with and/or at the direction of defendants AST, Somerville, Norman and DOES 1-10, violated Jordan Boston's express wishes, constitutionally protected personal freedoms, liberty, and autonomy.

48.     All of the above-described conduct of the defendants occurred within the direct presence of and caused physical and emotional trauma and distress to upon the

Aglietti, Offret
& Woofter, LLC.
1016 W 6th Avenue
Suite 102
Anchorage, Alaska
99501

(907) 279-8657
FAX 279-5534

*Boston v. Norman et. al.*
Complaint
Page 8 of 16

person and psyche plaintiff Donna Boston.

49.     At all relevant times and under color of state law and authority, defendants AST, Somerville, Norman, DOES 1-10, and CRMC knew, or with the exercise of reasonable care and professional caution should have known, that criminal charges lodged against Jordan Boston were legally, constitutionally, and factually baseless and in violation of Jordan's express wishes, constitutionally protected personal freedoms, liberty, and autonomy.

50.     During the course of defendants AST, Somerville, Norman, DOES 1-10, and CRMC's unlawful arrest, assault, battery, detention, sedation, and confinement of Jordan, Plaintiff Donna Boston, digitally recorded the same.

51.     Through counsel, Jordan made the digital recording available to the defendants through the Palmer offices of State of Alaska District Attorney.

52.     Notwithstanding the availability of the recording, defendants AST, Somerville, Norman, and/or DOES 1-10 neglected to obtain it.

53.     Notwithstanding the availability of the recording, defendants AST, Somerville, Norman, and/or DOES 1-10 obtained a search warrant by which such defendants seized Donna Boston's cellphone to obtain the recording previously available to the defendants through the Palmer offices of State of Alaska District Attorney.

54.     When defendants AST, Somerville, Norman, and/or DOES 1-10 were unable to locate the referenced digital information, such defendants secured the aid and assistance of the Palmer offices of State of Alaska District Attorney to charge and arrest Donna Boston with evidence tampering.

55.     At all relevant times and under color of state law and authority, defendants AST, Somerville, Norman and DOES 1-10, in concert with the District Attorney, knew, or with the exercise of reasonable care and professional caution should have known, that criminal charges lodged against Donna Boston were legally, constitutionally, and factually baseless and in violation of Donna's express wishes, constitutionally protected personal freedoms, liberty, privacy, and autonomy.

Aglietti, Offret
& Woofilter, LLC.
1016 W 6ᵗʰ Avenue
Suite 102
Anchorage, Alaska
99501

(907) 279-8657
FAX 279-5534

*Boston v. Norman et. al.*
Complaint
Page 9 of 16

## OMNIBUS JOINT AND SEVERAL CLAIMS AGAINST DEFENDANTS

**56.** All paragraphs above are realleged as if set forth herein in their entirety.

**57.** Defendants Norman and Somerville and CRMC were agents, or acting as agents, of defendant AST.

**58.** Defendants Norman and Somerville and CRMC were agents, or acting as agents, under color of law in the course and scope of their duties for defendant AST such defendants they unlawfully interacted with Jordan Boston, seized, arrested, sedated, and confined him in violation of his civil rights.

**59.** Defendants Norman and Somerville and CRMC's acts were done outside of their lawful authority or discretion.

**60.** By unlawfully using unwarranted, unlawful, unreasonable, and excessive force and then seizing, arresting, sedating, and confining Jordan Boston, defendants Norman and Somerville and CRMC violated Jordan Boston's Fourth Amendment right against unlawful seizure.

**61.** Defendants Norman and Somerville and CRMC violated Jordan Boston's Fourteenth Amendment right to personal liberty by unlawfully using unwarranted, unlawful, unreasonable, and excessive force to seize, arrest, sedate, and confine Jordan Boston without due process of law.

**62.** As a result of Defendants Norman and Somerville and CRMC's unwarranted, unlawful, unreasonable, and excessive force, seizure, arrest, sedation, and confinement of Jordan Boston, Jordan Boston suffered serious physical, emotional trauma, and psychological injuries.

**63.** Defendants AST, Does 1-10, Norman, Somerville, and CRMC are each liable to Jordan Boston for damages pursuant to 42. U.S.C. § 1983.

**64.** Defendants AST, Does 1-10, Norman, Somerville, and CRMC are each liable to Jordan Boston for attorney's fees and litigation expenses pursuant to 42. U.S.C. § 1988.

**65.** Defendants AST, Does 1-10, Norman, Somerville, and CRMC's joint and several negligence, gross negligence and/or reckless and/or intentional misconduct

Aglietti, Offret
& Woofter, LLC.
1016 W 6th Avenue
Suite 102
Anchorage, Alaska
99501

(907) 279-8657
FAX 279-5534

*Boston v. Norman et. al.*
Complaint
Page 10 of 16

were substantial factors in causing serious physical, emotional and psychological injuries and suffering to Jordan Boston and Donna Boston.

66.      Defendants AST, Does 1-10, Norman, Somerville, and CRMC are liable to Jordan Boston and Donna Boston for intentional infliction of emotional distress.

67.      Defendants AST, Does 1-10, Norman, Somerville, and CRMC are liable to Jordan Boston for and Donna Boston negligent infliction of emotional distress.

68.      Defendants AST, Does 1-10, Norman, Somerville, and CRMC's acts were recklessly negligent and/or done corruptly, maliciously, and in bad faith.

69.      Defendants AST, Does 1-10, Norman, Somerville, and CRMC are liable to Jordan Boston for false imprisonment.

70.      Defendants AST, Does 1-10, Norman, Somerville, and CRMC are liable to Jordan Boston for assault.

71.      Defendants AST, Does 1-10, Norman, Somerville, and CRMC are liable to Jordan Boston for battery.

72.      Defendants AST, Does 1-10, Norman, Somerville, and CRMC are liable for exemplary and/or punitive damages for outrageous conduct with reckless disregard for the interests of Jordan Boston and Donna Boston.

73.      Defendants AST, Does 1-10, Norman, Somerville, and CRMC engaged in outrageous, reckless and capricious conduct that was unlawful, unreasonable and with deliberate indifference to the rights and interests of Jordan Boston and Donna Boston.

## CLAIMS AGAINST ALASKA STATE TROOPERS AND JOHN DOES 1-10

74.      All paragraphs above are realleged as if set forth herein in their entirety.

75.      AST and John Does 1-10 **owed** a duty to exercise reasonable care towards Donna Boston and Jordan Boston.

76.      To the extent that defendant CRMC acted with the express and/or implicit direction, consent, and approval of Defendants Norman and Somerville in the assault, battery, arrest, sedation and confinement of Jordan Boston, CRMC and its employees acted as agent for and on behalf of defendants AST and John Does 1-10.

77.      Defendants AST and John Does 1-10 are liable for the actions and/or

Aglietti, Offret
& Woofter, LLC.
1016 W 6th Avenue
Suite 102
Anchorage, Alaska
99501

(907) 279-8657
FAX 279-5534

Boston v. Norman et. al.
Complaint
Page 11 of 16

failures to act of Defendants Norman, Somerville, CRMC, and CRMC employees, under the doctrines of vicarious liability and/or principal/agency, master/servant, and/or *respondeat superior* and/or aided-in-agency.

78.    AST and John Does 1-10 are liable for the actions and/or failures to act of defendants Norman, Somerville, CRMC, and CRMC employees, as well as other AST employees who precipitated these events under the doctrines of vicarious liability and/or principal/agency, master/servant, and/or *respondeat superior* and/or aided-in-agency.

79.    AST and John Does 1-10 owed plaintiffs Jordan and Donna Boston respective and non-delegable duties of reasonable care in the solicitation, hiring, training, discipline and maintenance of high standards of constitutionally-compliant law enforcement performance among its officers specifically including the recognition and protection of the personal and constitutionally guaranteed liberties, freedoms and related civil rights of Alaska's citizenry generally and to specifically safeguard such rights of those persons subject to official AST conduct.

80.    AST and John Does 1-10 breached the foregoing non-delegable duties of reasonable care to plaintiffs Jordan Boston and Donna Boston by acting, through negligence, gross negligence, indifference, and/or reckless failure, to reasonably hire and/or train and/or supervise and/or retain defendants Somerville and Norman, which were substantial factors in causing harm to the plaintiffs for which defendants AST, and John Does 1-10 are liable.

81.    At all relevant times and under color of state law and authority, defendants AST, Somerville, Norman and DOES 1-10, in concert with the District Attorney, knew, or with the exercise of reasonable care and professional caution should have known, that the filing and prosecution of criminal charges against plaintiffs was legally, constitutionally, and factually baseless and in violation of plaintiffs' express wishes, constitutionally protected personal freedoms, liberty, privacy, and autonomy.

**FURTHER CLAIMS**

82.    All paragraphs above are realleged as if set forth herein in their entirety.

Aglietti, Offret
& Woofter, LLC.
1016 W 6ᵗʰ Avenue
Suite 102
Anchorage, Alaska
99501

(907) 279-8657
FAX 279-5534

*Boston v. Norman et. al.*
Complaint
Page 12 of 16

83.     Defendants Norman and Somerville were agents of defendant AST and/or Does 1-10.

84.     Defendants Norman and Somerville were acting under color of law in the course and scope of their duties for defendants AST and/or Does 1-10 when they unlawfully interacted with Jordan and arrested him in violation of his civil rights and illegal and unconstitutional conduct.

85.     Defendants Norman, Somerville and CRMC's acts were done outside of their lawful authority or discretion.

86.     Defendant CRMC did not obtain Jordan Boston's informed consent to the sedation injected into his body.

87.     Defendant CRMC actions, done without Jordan Boston's consent constitute, assault, battery, and are actionable claims for which Jordan Boston may seek and obtain damages to be proven at trial.

88.     By unlawfully confronting, assaulting, battering, detaining, sedating, and confining Jordan, defendants AST, Does 1-10, CRMC, Norman and Somerville violated Jordan's Fourth and Fourteenth Amendment rights.

89.     By unlawfully seizing Donna Boston's personal property and thereafter arresting and charging her with evidence tampering, defendants AST, Does 1-10, Norman and Somerville violated Donna's Fourth and Fourteenth Amendment rights.

90.     As a result of Norman, Somerville and CRMC's outrageous, unpermitted, unconstitutional, and unlawful conduct, Jordan suffered serious physical, emotional and psychological injuries and are liable in amounts to be proven at trial.

91.     As a result of Defendants Norman, Somerville, and CRMC employees/personnel for whom CRMC was directly responsible, outrageous, illegal, unconstitutional and unlawful conduct, Donna Boston suffered emotional and psychological injuries and for which such defendants are liable in amounts to be proven at trial.

92.     Defendants Norman, Somerville, AST, Does 1-10, CRMC employees/personnel for whom CRMC was directly responsible, are directly liable to

Aglietti, Offret
& Woofter, LLC.
1016 W 6ᵗʰ Avenue
Suite 102
Anchorage, Alaska
99501

(907) 279-8657
FAX 279-5534

Boston v. Norman et. al.
Complaint
Page 13 of 16

both plaintiffs for damages pursuant to 42. U.S.C. § 1983 in amounts to be proven at trial.

93. Defendants Norman, Somerville, AST, Does 1-10, CRMC employees/personnel for whom CRMC was directly responsible are liable for the plaintiffs' attorney's fees and litigation expenses pursuant to 42. U.S.C. § 1988 in amounts to be proven at trial.

94. The negligence, gross negligence and/or reckless and/or intentional misconduct of defendants Norman, Somerville, AST, Does 1-10, and CRMC were *the* substantial factors in causing serious physical, emotional and psychological injuries to the plaintiffs and are liable in amounts to be proven at trial.

95. Individually or in concert, defendants AST, Does 1-10, CRMC, Norman and Somerville negligently and/or intentionally inflicted severe physical injuries, emotional distress, and trauma upon the persons and psyche of the plaintiffs and are liable in amounts to be proven at trial.

96. Defendants AST, Does 1-10, CRMC, Norman and Somerville are liable for false imprisonment in amounts to be proven at trial.

97. Defendants AST, Does 1-10, CRMC, Norman and Somerville are liable to Jordan Boston for assault in amounts to be proven at trial.

98. Defendants AST, Does 1-10, CRMC, Norman and Somerville are liable to Jordan Boston for battery in amounts to be proven at trial.

99. Defendants AST, Does 1-10, CRMC, Norman and Somerville are liable for exemplary and/or punitive damages for outrageous conduct evidencing reckless disregard of the interests of the plaintiffs in amounts to be proven at trial.

100. Defendants AST, Does 1-10, CRMC, Norman and Somerville engaged in shocking, reckless, and capricious conduct that was unreasonable, deliberate, and indifferent to the rights and interests of the plaintiffs and are liable in amounts to be proven at trial.

101. Defendants AST, Does 1-10, CRMC, Norman and Somerville each owed the plaintiffs non-delegable duties to exercise a high-quality standard of professional

Aglietti, Offret
& Woofter, LLC.
1016 W 6th Avenue
Suite 102
Anchorage, Alaska
99501

(907) 279-8657
FAX 279-5534

*Boston v. Norman et. al.*
Complaint
Page 14 of 16

care toward and service to the plaintiffs which were breached and for which such defendants are liable in amounts to be proven at trial.

102.    Defendants AST and Does 1-10 are liable for the actions and/or failures to act of Defendants CRMC, Norman and Somerville and its other employees under theories of vicarious liability and/or agency and/or *respondeat superior* and/or aided-in-agency.

103.    Defendants AST and Does 1-10 breached their duties of reasonable care to the plaintiffs by negligent and/or grossly negligent and/or reckless failure to reasonably hire and/or train and/or supervise and/or retain Defendants Norman and Somerville which were each substantial factors in causing harm to the plaintiffs for which such defendants are liable in amounts to be proven at trial.

104.    Defendants AST and Does 1-10 breached their duties of reasonable care to the plaintiffs by negligent and/or grossly negligent and/or reckless failure to promptly and/or reasonably investigate Defendants Norman and Somerville' unlawful arrest, assault, battery, detention, sedation, and confinement of Jordan without lawful probable cause which was a substantial factor in causing harm to plaintiffs in amounts to be proven at trial.

**Wherefore** plaintiffs request the following relief:

1.    For judgment against the defendants in amounts to be proven at trial;

2.    For an award of punitive damages as allowed by law in amounts to be proven at trial;

3.    For an award of damages for violation of the plaintiffs' civil rights in amounts to be proven at trial;

4.    For the imposition of vicarious liability as allowed by law or equity in amounts to be proven at trial;

5.    For pre-judgment and post-judgment interest, attorneys' fees, and costs incurred in this matter in amounts to be proven at trial;

6.    For such other relief as this court shall deem just under the evidence and law as applied.

Aglietti, Offret
& Woofter, LLC.
1016 W 6th Avenue
Suite 102
Anchorage, Alaska
99501

(907) 279-8657
FAX 279-8534

*Boston v. Norman et. al.*
Complaint
Page 15 of 16

RESPECTFULLY submitted this 31 August 2021, at Anchorage, Alaska.

AGLIETTI, OFFRET & WOOFTER, LLC

J. E. Wiederholt, ABA # 8912172
Counsel for Plaintiffs
Jordan Boston and Donna Boston

I certify that on 31 August 2021a true and correct copy
of the foregoing was mailed and faxed to:

Trooper Shawn Norman
PO Box 26
Glennallen, AK 99588
shawn.norman@alaska.gov

Courtesy Copy to:
Heather Hill
Paralegal Specialist
DHHS/OS/OGC/General Law Div.
Claims and Employment Law Branc
heather.hill@hhs.com

Trooper Jason Somerville
PO Box 26
Glennallen, AK 99588
Jason.somerville@alaska.gov

Cross Road Medical Center
c/o Steven Gallagher (Registered Agen)
PO Box 5
Glennallen, AK 99588
info@crossroadmc.org

Courtesy Copy:
Col. Bryan Barlow, Director
5700 E. Tudor Rd.,
Anchorage AK 99507
dps.ast.directors.office@alaska.gov

Treg Taylor
Attorney General
1031 W. 4th Ave, Suite 200
Anchorage AK 99501

Caroline Streff

Aglietti, Offret
& Woofter, LLC.
1016 W 6th Avenue
Suite 102
Anchorage, Alaska
99501

(907) 279-8657
FAX 279-5534

*Boston v. Norman et. al.*
**Complaint**
**Page 16 of 16**

# IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
## THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| JORDAN BOSTON and<br>DONNA BOSTON,<br>     Plaintiffs,<br>vs.<br><br>SHAWN NORMAN, JASON SOMERVILLE,<br>THE ALASKA STATE TROOPERS, JOHN<br>DOES 1-10,[1] and CROSSROADS HEALTH,<br>MINISTRIES INC.,<br><br>     Defendant. | )<br>)<br>)<br>)<br>)<br>) **Case No.:** 3AN-21-   CV<br>)<br>)<br>)<br>)<br>) |

## ENTRY OF APPEARANCE AND CONSENT TO SERVICE BY EMAIL

  **COMES NOW** AGLIETTI, OFFRET & WOOFTER, LLC, and enter their appearance as counsel of record for Plaintiffs Jordan and Donna Boston in the above-entitled case, and request that copies of all pleadings filed in this action be mailed to this office at 1016 West 6th Avenue, Suite 201, Anchorage, Alaska 99501; Phone: 907-279-8657 and pursuant to Civil Rule 5.1(c) indicates its willingness to service by electronic mail at jackw@aowaklaw.com with a courtesy copy to cstreff.aow@gmail.com.

  RESPECTFULLY submitted this 31st day of Anchorage, at Anchorage, Alaska.

**AGLIETTI, OFFRET & WOOFTER, LLC**

J. E. Wiederholt, ABA # 8312172
Counsel for Plaintiffs

Aglietti, Offret
& Woofter, LLC.
1016 W 6th Avenue
Suite 102
Anchorage, Alaska
99501

(907) 279-8657
FAX 279-5534

*Boston v. Norman et. al.*
Entry of Appearance
Page **1** of **2**

I certify that on 31 August 2021a true and correct copy
of the foregoing was mailed and faxed to:

Trooper Shawn Norman
PO Box 26
Glennallen, AK 99588
shawn.norman@alaska.gov

Courtesy Copy to:
Heather Hill
Paralegal Specialist
DHHS/OS/OGC/General Law Div.
Claims and Employment Law Branc
heather.hill@hhs.com

Trooper Jason Somerville
PO Box 26
Glennallen, AK 99588
Jason.somerville@alaska.gov

Cross Road Medical Center
c/o Steven Gallagher (Registered Agen)
PO Box 5
Glennallen, AK 99588
info@crossroadmc.org

Courtesy Copy:
Col. Bryan Barlow, Director
5700 E. Tudor Rd.,
Anchorage AK 99507
dps.ast.directors.office@alaska.gov

Treg Taylor
Attorney General
1031 W. 4th Ave, Suite 200
Anchorage AK 99501

_____
Caroline Streff

Aglietti, Offret
& Woofter, LLC.
1016 W 6th Avenue
Suite 102
Anchorage, Alaska
99501

(907) 279-8657
FAX 279-5534

*Boston v. Norman et. al.*
Entry of Appearance
Page 2 of 2