# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

JORDAN BOSTON, *et al.*,

    Plaintiffs,

v.

SHAWN NORMAN, *et al.*,

    Defendants.

Case No. 3:21-cv-00276-SLG

## ORDER ON MOTION TO COMPEL

Before the Court at Docket 61 is Plaintiffs' Motion to Compel Production. At Docket 70, this Court issued an order regarding the motion in which it directed the State of Alaska to prepare and produce for *in camera* review all of the records regarding Trooper Norman and Trooper Somerville that are responsive to the disputed production requests.

Subsequently, the State submitted redacted and unredacted versions of the records to the Court for *in camera* review, along with a *Summary of Defendants Norman, Somerville and the Alaska State Trooper's Objections to Producing Documents Contained Within Records Submitted for In Camera Review,* that was filed ex parte at Docket 77, in response to the Court's request.

The Court rules on the objections as follows:

State Defendants may redact all of the PII (personally identifiable information) they redacted contained in the records for all parties and witnesses

(but not the names of those persons) and may also redact as proposed the names and contact information of citizen contacts in use of force and other incidents as listed in the documents. However, if after disclosure of the redacted documents, Plaintiffs believe that certain PII information of witnesses or parties is material to their case, or the withheld names and PII of other individuals is material to their case, they may request that information from the State Defendants, and if necessary, file a renewed motion to compel regarding such material.

The State Defendants also ask the Court to permit the redaction of the medical records of both Trooper Shawn Norman and Trooper Jason Somerville. The Court sustains this objection with respect to all of the medical records of Trooper Somerville, none of which relate to this incident. As to Trooper Norman, the Court has carefully reviewed these records and finds that only those medical records that reference the injury that Trooper Norman alleges that he sustained on September 1, 2019 must be produced; (Bates pages 2205-2229). The Court finds those particular records are directly relevant to this case and are not of such a highly personal nature as to warrant that they remain confidential in this proceeding; they appear to relate solely to a shoulder injury. Although the State asserts that no request for medical records was made in the Plaintiffs' discovery

Case No. 3:21-cv-00276-SLG, *Boston, et al. v. Norman, et al.*
Order re Motion to Compel Production
Page 2 of 3

Case 3:21-cv-00276-SLG   Document 85   Filed 09/01/23   Page 2 of 3

requests, the Court finds these records from Trooper Norman's personnel file to be fairly encompassed within Request for Production No. 4.[1]

Accordingly, Plaintiffs' motion to compel production at Docket 61 as to RFP's No. 4, 5, 6, 9, and 16 is GRANTED except as set forth above. The documents shall be produced to Plaintiffs within 7 days of the date of this order.

DATED this 1st day of September 2023, at Anchorage, Alaska.

/s/ Sharon L. Gleason
UNITED STATES DISTRICT JUDGE

---

[1] See Docket 61-5 at 3.

Case No. 3:21-cv-00276-SLG, *Boston, et al. v. Norman, et al.*
Order re Motion to Compel Production
Page 3 of 3
Case 3:21-cv-00276-SLG   Document 85   Filed 09/01/23   Page 3 of 3